McINTOSH et al. v. PENDLETON et al.

(Supreme Court, Appellate Division, Second Department.   October 10, 1902.)

1. CONTRACTS—EVIDENCE—CUSTOM.
      Where both parties agree that there was an express agreement as
      to the terms on which a vessel was to be sailed, but differ as to the
      terms, evidence as to the general custom to sail on certain terms is in-
      admissible.

Appeal from trial term, Kings county.

Action by Daniel McIntosh and others against Fields S. Pendle-
ton and others.   From an interlocutory judgment, plaintiffs and de-
fendant Pendleton appeal.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Willard U. Taylor, for plaintiffs.

Henry W. Goodrich, for defendant Pendleton.

HIRSCHBERG, J.   The record herein presents cross-appeals
from an interlocutory judgment which directs an accounting by the
defendant Fields S. Pendleton to the plaintiffs, with a consequent
judgment for whatever may be found due, but dismisses the second
cause of action set up in the complaint.   The defendant Fields S.
Pendleton appeals from so much of the interlocutory judgment as
provides for the accounting and the subsequent final judgment, and
the plaintiffs appeal from that part which contains the provision dis-
missing their second cause of action.

The plaintiffs are copartners engaged in business as ship chandlers
in the city of New York.   In March, 1897, they purchased from the
defendant Fields S. Pendleton a one-sixteenth interest in a schooner
known as the "Scotia," of which said defendant was, and has since
continued to be, until shortly before the commencement of the ac-
tion, the managing owner; having the custody and charge of the
vessel and her accounts and vouchers.   The other defendants are
part owners, also, and are joined as necessary, or at least proper,
parties to the litigation.   The first cause of action sets forth facts
appropriate to a demand for an accounting by the defendants of the
result of the vessel's operation and transactions in her various voy-
ages and enterprises since the plaintiffs acquired their interest.   The
second cause of action asserts an agreement on the part of the
defendants, made at the time of, and as an inducement for, the
plaintiffs' purchase, that they should supply the vessel with all nec-
essary stores when in the port of New York, alleges a breach of the
contract, and asks judgment for the damages.   The controversy be-
tween the parties relates chiefly to the terms upon which the vessel
was to be sailed under the agreement made when the plaintiffs pur-
chased their interest; such interest having been purchased by them
directly from the defendant Fields S. Pendleton, the original sole
owner.   The contention on the part of the defendants is that by the

¶ 1. See Customs and Usages, vol. 15, Cent. Dig. §§ 29, 34.

terms of the contract of sale to the plaintiffs it was agreed that the vessel was to be sailed on what was known in the trade as "square halves," the meaning of which is that, after deducting the port charges from the vessel's gross earnings, the balance is to be divided equally; one half belonging to the captain or managing owner, and being chargeable with the payment of all bills incurred for wages, maintenance, and support of the captain and crew, and known as the "captain's bills," and the other half belonging to the owners after the payment therefrom of bills for the maintenance of the vessel in good repair and running order, and called the "vessel's bills." On the part of the plaintiffs the contention is that the agreement was that the vessel should be sailed by the month, and not on halves; that is, that all expenses should be deducted from the gross earnings, and the balance divided among the owners in accordance with their respective rights and interests. The learned trial justice has found in favor of the plaintiffs upon this dispute, and his finding is abundantly supported by the evidence. Two of the plaintiffs testified in support of their claim, and the defendant appellant testified to the contrary. But both sides admitted that there was an express agreement or understanding on the subject, and, as a consequence, there is no force in the point which the defendant urges on the appeal to the effect that the court erred in rejecting evidence designed to show that the general custom was to sail vessels on shares or "square halves," and in refusing to give sufficient weight to such evidence as was received upon that subject. It needs no citation of authority to demonstrate that a general custom can have no control over the terms of a specific agreement which is not ambiguous, and which requires no resort to custom in explanation of its meaning.

As to the second cause of action, the evidence is undisputed that no time was named for the duration of the contract, assuming that a contract existed. The defendant Fields S. Pendleton denies that he made any engagement with the plaintiffs for supplying the vessel, and the evidence on the plaintiffs' behalf is at least as consistent with a mere friendly suggestion that while in the port of New York she would naturally be supplied by joint owners engaged in the business of supplying vessels, as it is with a binding contract to that effect. The plaintiffs did in fact supply the vessel for a period of nearly three years, and the act of thereafter taking the vessel's business from the plaintiffs cannot be regarded as the breach of a contract established with the precision and certainty which the law requires.

The interlocutory judgment should be affirmed, without costs. All concur.