W. B. ARMSTRONG COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant.

Third Department, January 15, 1919.

Contract — agreement to install plumbing in State institution construed — when contractor not entitled to recover for extra material.

Where a contract for the installation of plumbing in a State reformatory required the contractor to install " extra heavy pipe," said pipe to be of full weight and thickness suitable for a working pressure of 250 pounds per square inch, the contractor having been compelled by the State

authorities to install what is known in the trade as extra heavy pipe, cannot recover as for extra materials furnished, upon the theory that the pipe he began to install, which had half the thickness of the heavy pipe, would actually withstand the pressure named. The thickness of the pipe required by the contract related not only to its pressure resistance, but to its durability.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 12th day of August, 1918.

*Merton E. Lewis, Attorney-General [Alexander Otis, Deputy Attorney-General, of counsel], for the appellant.*

*George Lawyer, for the respondent.*

H. T. KELLOGG, J.:

The claimant entered into a written contract with the State of New York for the installation of heating and domestic water supply mains in a State reformatory. It had begun the installation when the State Architect interfered and compelled the use of piping of greater thickness than that being installed. It was conceded that the contract called for extra heavy pipe throughout; that extra heavy pipe is known in the trade as possessing a thickness of four hundred and thirty-two one-thousandths of an inch; that standard pipe has a thickness of two hundred and eighty one-thousandths of an inch; that claimant was installing pipe of the thickness of standard pipe; that it was then directed to install and did install pipe of the thickness of extra heavy pipe. Claimant contends that the contract provided a definition of extra heavy pipe with which the pipe originally installed complied. The definition reads: " Extra Heavy Pipe. All extra heavy pipe shall be of full weight and thickness suited for working pressure of 250 pounds per square inch." The argument of claimant that it satisfied this specification when it installed pipe having the pressure resistance therein given, ignores the fact that extra heavy pipe " of full weight and thickness " is called for. Thickness of piping insures durability as well as pressure resistance, but resistance capacity does not assist durability. This pipe was not of " full weight and thickness," for its thickness was hardly more than one-

half the thickness of standard " extra heavy." The attitude of the claimant is well shown by the following testimony of its president: " Q. Then the substance of your statement is this: That the extra heavy in this contract meant nothing — A. (Interrupting) Exactly." The contract clearly called for the piping which the State Architect required claimant to install. The claim for extra work and labor was not made out.

The judgment should be reversed, and a new trial granted.

All concurred.

Judgment reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. The court disapproves of the finding that the pipe originally installed by claimant conformed to the specifications.