Morschauser, J.
The above-named claimant entered into a contract with the state of New York, made on or about the 19th day of May, 1914, for the installation of heating and domestic water supply mains at the State Reformatory for Women at Bedford Hills, N. Y. The agreement provided that the contractor was to install certain pipe and piping holding water in connection with the forced hot water heating and domestic hot water systems which the claimant was to install. . The contract provided, section 88:
“Section 88.— Fittings, etc.
“ (1675) General. The contractor shall furnish and install all pipe, fittings, valves, etc., to properly complete the work as shown by the plans or specified.
“ (1676) Iron Pipe. All pipe except as otherwise specified, shall be new genuine wrought iron or mild steel pipe of best quality, standard full weight, and of standard size and length, with threads cut clean and *299 true *' * * Standard weight, butt welded pipe shall have been tested by the manufacturers at 300 pounds per square inch hydrostatic pressure, lap welded pipe at 500 pounds per square inch hydrostatic pressure; and extra heavy pipe at twice the above pressure.
“ (1677) Extra Heavy Pipe. All extra heavy pipe shall be of full weight and thickness suited for working pressure of 250 pounds per square inch.”
The contract further provided:
“Amendments.
“ The standard specifications included in these specifications are subject to the following amendments * * *
“ Section 88, Fittings, etc.
“ (1676) Iron Pipe. The following shall be extra heavy: All pipe holding water in connection with the forced hot water heating and domestic hot water systems.
“All steam and return pipes from the power house to the various buildings to which the service connections are run, including also the pipes in and between the various buildings so served.”
The contract further provided: “ Should any dispute arise respecting the true construction or meaning of the drawings or specifications or should any portion of same be obscure or capable of more than one construction the same shall be decided by the Architect and his decision shall be final/’
The contractor entered upon the performance of his contract and installed pipe having the pressure resistance required by the contract but not being extra heavy pipe as required by the specifications. The contractor after beginning the work and partially installing the pipe, which did not comply with the specifications, was notified by the state architect that *300 the pipe that he was installing did. not conform to the specifications and required him to install extra heavy pipe and the state architect wrote the contractor a letter in which he stated:
“ Under the above paragraphs there are two specific qualifications for extra heavy pipe,— first, that pipe shall be full weight and thickness for extra heavy pipe; second, said pipe shall be of such material and manufacture as to be suited for a working pressure of 250 pounds per square inch. Therefore standard weight pipe for meeting the pressure requirements for extra heavy pipe, does not fulfill the specification, not being full weight and thickness for extra heavy pipe.
“ Therefore, pipe to meet this specification must have weight and dimensions equal to extra strong or heavy pipe as noted on page 25, Book of Standards, National Tube Company, Pittsburg, Pa., edition of 1913. Reference is made to this particular book of standards as I understand that you are purchasing-pipe from this company. However, similar dimensions are given in other trade catalogues, and also in the Mechanical Engineers Hand Books, being a recognized standard.
“ Therefore, will you kindly remove pipe not meeting- the specifications from the job at your earliest convenience, and so that there may be no misunderstanding on pipe to be furnished, will you obtain from the manufacturer a written guarantee that the pipe to be furnished under these paragraphs is extra heavy pipe, full weight and thickness, and is suitable for a working pressure of 250 pounds per square inch, and meets the above mentioned dimensions and weights? Very truly yours,
“(Sgd) L. F. Pilcher,

“ State Architect ”

*301 The contractor thereupon removed the pipe that he had already installed and installed the pipe required o£ him to do so by the letter and decision of the state architect and upon the completion of his work filed a claim against the state for the installation of the extra heavy pipe, claiming that the installation of this pipe was not required by the terms of the contract and specifications, the state claiming that the' pipe as installed under the direction of the state architect was within the terms of the contract and specifications and that the piping so installed by the claimant was the piping he was obliged to install under his contract with the state.
The case was tried in the Court of Claims, which awarded the claimant the amount demanded in his claim and directed judgment to be entered accordingly. From this judgment the state appealed and upon the appeal the judgment was reversed on the law and facts and a new trial granted. Armstrong Co. v. State of New York, 186 App. Div. 197.
Thereupon the case was again tried in the Court of Claims and upon the new trial the parties offered the record of the former trial in evidence and the claimant offered evidence as to the meaning of “ extra heavy pipe ” in the trade. This testimony was objected to by the state and the decision of the court was reserved until the close of the case, and the court now overrules the objection on the part of the state.
The contract expressly provides that all pipe holding water in connection with the forced hot water heating and domestic hot water systems shall be extra heavy pipe and shall be the standard weight butt welded pipe and shall have been tested by the manufacturers at 300 pounds per square inch hydrostatic pressure, lap welded pipe at 500 pounds per square inch hydrostatic pressure, and extra heavy pipe at *302 twice the above pressures and all extra heavy pipe shall be of full weight and thickness suited for a working pressure of 250 pounds per square inch.
The pipe that was installed by the contractor under the direction of the state architect complied substantially with these conditions and the requirements of the contract and the claimant now seeks to recover for the work of installing the same upon the theory that his contract did not require him to install the extra heavy pipe as ordered by the state architect. In this case the Appellate Division has decided that the contract and specifications entered into between the claimant and the state clearly called for extra heavy pipe and for the piping which the state architect required the claimant to install.
The claimant attempted to show by testimony that in the usage and custom of the trade the words “ extra heavy pipe ” in a contract or order did not mean anything ; but as the contract between the state and the claimant in express terms provided that the pipe to be installed was to be extra heavy pipe the claimant could not change the terms of the contract by proof or evidence' of a custom or usage. It has been repeatedly held that the usage in relation to matters embraced in a contract when it it reasonable, uniform, well settled, not in opposition to fixed rules of law and not in contradiction of the express terms of the contract, and when it is so far established and known to the parties that it may be supposed the contract was made in reference thereto, is deemed to form part of it; and evidence is always admissible to explain the meaning usage has given to words or terms as used in a particular trade or business. But it is not competent to prove a custom or usage inconsistent with the express terms of a contract. Custom or usage is only resorted to, to explain the intent of the *303 parties to a contract, when it cannot be ascertained without extrinsic evidence; never to contravene express stipulations. Where the terms of a contract are expressed in clear language custom or usage of the trade cannot be resorted to or permitted to change the’terms of the contract. Collender v. Dinsmore, 55 N. Y. 200; Newhall v. Appleton, 114 id. 140; McIntosh v. Pendleton, 75 App. Div. 621; Howell v. Dimock, 15 id. 102.
The parties also stipulated that should any dispute arise respecting the true construction or meaning of the drawings or specifications or should any portion of the same be obscure or capable of more than one construction, the same shall be decided by the architect and his decision shall be final. The architect under this stipulation made a decision covering the construction of the contract and the meaning thereof and under his decision directed that the piping should be extra heavy pipe. Such provisions are valid and enforcible and are final and conclusive, and it is only where the architect has been guilty of fraud or bad faith that such decision is not binding upon the parties and there is no evidence of bad faith or fraud in this case on the part of the architect. In fact the evidence justifies his decision as he was obligated if he carried out the terms of the contract to insist upon the installation of extra heavy pipe.
The installation of the extra heavy pipe by ‘ the claimant under , his contract with the state was what he had agreed and contracted to do and he is not entitled to any further compensation for the same.
For these reasons the claimant’s claim should be dismissed.
Ackerson, P. J., concurs.
Claim dismissed.