GOLDIE REGAN, Doing Business under the Firm Name and Style of MADISON SQUARE PASSEMENTERIE COMPANY, Respondent, *v.* MARLOWE MILLS, INC., Appellant.

Supreme Court, Appellate Term, First Department, January 21, 1926.

Contracts — action for work, labor and services — defendant furnished silks to plaintiff for manufacture into scarfs — plaintiff failed to account for two dozen — substantial compliance with contract shown by plaintiff — reversible error to receive evidence of custom as to delivery of scarfs where evidence did not show well-established usage in trade — evidence of custom inadmissible to vary terms of specific agreement.

In an action for work, labor and services under a contract by which the plaintiff agreed to manufacture from silks delivered by defendant a certain number of scarfs, plaintiff will be deemed to have shown substantial performance of the contract, notwithstanding defendant's claim that plaintiff failed to account for two dozen scarfs, and that those received were not in accordance with the specifications set forth in the order.

However, a judgment for the plaintiff should be reversed for the reason that over defendant's objection the trial court received evidence of a custom in the trade contrary to the express agreement between the parties without proof that the custom was well established, well known and in contemplation of the parties when the agreement was made. Such proof was not admissible to vary the terms of the specific agreement between the parties.

APPEAL by defendant from a judgment in favor of the plaintiff and against the defendant in the sum of $276.76 and dismissing defendant's counterclaim on the merits.

*Fred M. Wolf*, for the appellant.

*Benjamin Wohl*, for the respondent.

GUY, J. The action is for work, labor and services alleged to have been performed by plaintiff for defendant between April 22, 1925, and April 30, 1925, consisting of trimming silk fringes and scarfs for the defendant for the agreed price and reasonable value of $244.38.

The answer admits that plaintiff performed certain work, labor and services, but denies specifically all the allegations of the complaint, and alleges as counterclaims, *first*, that plaintiff received silks from the defendant " upon the express understanding and agreement that the plaintiff was to manufacture therefrom a certain number of scarfs, as more fully appears in orders delivered to the plaintiff in writing; " that instead of delivering sixty-seven and two-twelfths dozen scarfs, the amount mentioned in said orders, plaintiff only delivered sixty-five and two-twelfths dozen, and failed to account for two dozen scarfs of the value of $48; *second*, that

the scarfs returned to the defendant were found to be short in length and not in accordance with the specifications set forth in the orders, as a result of which the defendant suffered an additional loss of $335.84.

It is contended by defendant, appellant, that plaintiff failed to prove performance in accordance with the orders delivered to her, which five orders were offered in evidence by plaintiff, and which called upon plaintiff to make up a certain number of scarfs of specified length but that plaintiff only testified to a general statement that sixty-five and two-twelfths dozen scarfs had been delivered and that the action should have been dismissed at the close of plaintiff's case. I think, however, that this contention is erroneous and that plaintiff showed substantial performance to the extent of the number of scarfs delivered, sixty-five and two-twelfths dozen. Defendant, appellant, further contends, however, that the court erred in receiving evidence of a custom or usage in the trade contradictory to the express agreement between the parties as contained in the written orders. Over defendant's objection and exception, plaintiff was allowed to answer the following question: " Q. If you receive an order to deliver 24 scarfs, you mean to say it is the custom to deliver less than 24 scarfs. A. Yes." Similar questions were allowed over defendant's objection and exception.

There was no proof that the custom testified to by plaintiff was well established, well known and in contemplation of the parties at the time the agreement was made. Even if such proof had been admitted it could not be used to vary the terms of a specific agreement between the parties. (See *Richard* v. *Haebler*, 36 App. Div. 94, in which the court said: " Under such a contract, where the meaning of the language used is definite and certain, the only result of admitting evidence of usage or custom would be to render it ambiguous and to substitute for the contract made one entirely different." ) In *McIntosh* v. *Pendleton* (75 App. Div. 621) it was said: " A general custom can have no control over the terms of a specific agreement which is not ambiguous, and which requires no resort to custom in explanation of its meaning."

The judgment must, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, WAGNER and LYDON, JJ.